UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 AUG 30 PM 1:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

CLYDE THOMAS CARTER,                )
                                    )
    Plaintiff,                      )
                                    )
vs.                                 )   Civil Action No. CV-97-S-3063-NE
                                    )
BOB RODGERS,[1] individually, and   )
in his capacity as Trustee in       )
the Clyde Thomas Carter             )
Bankruptcy; CLEMENTS ANTIQUES       )
OF TENNESSEE, INC.; CHARLES W.      )
CLEMENTS, SR. and CHARLES W.        )
CLEMENTS, JR.,                      )
                                    )
    Defendants.                     )

ENTERED
AUG 30 1999

## MEMORANDUM OPINION

This court directed plaintiff to show cause why it should not dismiss his remaining claims for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted. Upon review of plaintiff's brief, defendants' responses in opposition, and the pleadings, the court concludes it lacks subject matter jurisdiction.

### I. DISCUSSION

Plaintiff alleges both diversity and federal question jurisdiction. The court addresses these bases in turn.

---

[1] In the complaint, plaintiff named "Bob Rogers" as a defendant. Other documents, including the filings by that defendant, indicate such defendant's name is spelled "Rodgers."

## A. Diversity Jurisdiction

Plaintiff relies on 28 U.S.C. § 1332 to establish diversity jurisdiction. Part (a)(1) provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states." Plaintiff alleges he is a citizen of Texas, defendant Rodgers is a citizen of Alabama, and defendants Clements Antiques of Tennessee, Inc., Charles W. Clements, Sr., and Charles W. Clements, Jr. all reside in Tennessee. (Complaint ¶ 1(A).) He requests compensatory and punitive damages in excess of $75,000, exclusive of interests and costs. (*Id.* ¶ 19.)

Plaintiff's diversity claim fails. By initially filing in Bankruptcy Court, plaintiff subjected himself to the procedures and remedies available in that court. Had plaintiff originally filed in this court, it would have referred the case to the same court in which he originally filed. *See* 28 U.S.C. § 157. Because all of plaintiff's causes of action against defendant are federal in nature, he was left to pursue them in Bankruptcy Court, his chosen forum. Plaintiff's attempt to claim diversity is a misguided effort to justify why this court should hear arguments that only could be pursued properly through Bankruptcy Court. In his "show

2

cause" brief, plaintiff did not even assert diversity as a jurisdictional basis. Rather, he relied solely on federal question jurisdiction, which the court now addresses.

### B. Federal Question Jurisdiction

Plaintiff relies on 28 U.S.C. §§ 1331, 1334, and 157 to establish federal question jurisdiction. Section 1331 provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1334(b) provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Section 157 permits district courts to refer cases arising under the Bankruptcy Code to "bankruptcy judges for the district." Parts (b) and (c) distinguish between core proceedings, in which a bankruptcy court may issue a final decision on the merits, and non-core proceedings, in which a bankruptcy court is restricted to making findings of fact and conclusions of law. Part (d) of this section allows district courts to withdraw cases from bankruptcy courts "for cause shown." Part (e) provides for jury trials in

3

bankruptcy court under certain circumstances.[2]

Defendants claim the *Barton* doctrine disallows this court from hearing plaintiff's claims. *See Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881). As expressed in *DeLorean v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993), the *Barton* doctrine states "that leave of the appointing forum [the bankruptcy court] must be obtained by any party wishing to institute an action in a non-appointing forum [this court] against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." Defendants contend plaintiff never sought leave from Bankruptcy Court to initiate this action. They argue any claim against a trustee for willful or deliberate breach of fiduciary duty must arise on appeal from a Bankruptcy Court order. They contend plaintiff never challenged any bankruptcy order before instituting this action.

This court lacks federal question jurisdiction because plaintiff has failed to follow the procedural steps in Bankruptcy Court to get into this court. Plaintiff has neither (1) articulated a reason why the *Barton* doctrine should not apply here nor (2) shown the present action is on appeal from an order of the

---

[2] "[T]he bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

4

Bankruptcy Court. According to the Seventh Circuit in *In the Matter of Linton*, 136 F.3d 544, 546 (7th Cir. 1998) (Posner, C.J):

> If debtors, creditors, defendants in adversary proceedings, and other parties to a bankruptcy proceeding could sue the trustee ... for damages arising out of the conduct of the proceeding, that court would have the practical power to turn bankruptcy winners bankruptcy losers, and vice versa. ... A debtor who had failed to obtain a discharge might through a suit against the trustee obtain the funds necessary to pay the debt that has not been discharged. ... But a simpler and more secure protection is to require the person wanting to bring a suit ... against a trustee in bankruptcy to obtain leave to do so from the bankruptcy court.

*See also Carter Paper Company, Inc. v. Schott*, 220 B.R. 276, 310-11 (M.D. La. 1998) (citing *Chappel v. First Trust Company of Appleton*, 30 F. Supp. 765, 766 (E.D. Wis. 1940) (district court without jurisdiction to hear complaint against bankruptcy trustee, since "he is accountable to the bankruptcy court and no other" and "the jurisdiction of the court in bankruptcy is exclusive"); *In re Markos Gurnee Partnership*, 182 B.R. 211, 215-16 (Bankr. N.D. Ill. 1995)). In *Linton*, 136 F.3d at 545-46, the Seventh Circuit concluded that leave is required even after the bankruptcy is wound up:

> Without the requirement, trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. ... Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more

5

> effectively. It does this by compelling suits growing out of that work to be as [if] prefiled before the bankruptcy judge that made the appointment; this helps the judge decide whether to approve this trustee in a subsequent case.

136 F.3d at 545-46 (leave of bankruptcy court required for official and ultra vires actions taken by trustee). Plaintiff has not sought leave from Bankruptcy Court, and makes no allegation that the narrow exception to the *Barton* doctrine in 28 U.S.C. § 959 applies to the defendants.[3]

While trustees may be held personally liable for willful and deliberate (and potentially, negligent) breaches of fiduciary duty, district courts reviewing these allegations do so on appeal from an order of a bankruptcy court addressing those issues. *See, e.g.,* In re *Hutchison*, 5 F.3d 750 (4th Cir. 1993); *Ford Motor Credit Company*, 680 F.2d 451 (6th Cir. 1982). Because he never challenged the trustee's or Bankruptcy Court's actions in an adversary proceeding, plaintiff has no such order to challenge. Plaintiff's inadequate pursuit of redress in Bankruptcy Court precludes this court from hearing his claims.

---

[3] This section permits suit against "[t]rustees, receivers or managers of any property ... without leave of court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." The Sixth Circuit made clear in *DeLorean* that "carrying on business" does not include suits against the trustee for actions taken while administering the estate. *See DeLorean*, 991 F.2d at 1241 (citing In re *Campbell*, 13 B.R. 974, 976 (Bankr. D. Idaho 1981)).

6

The jurisdiction-granting language of 28 U.S.C. §§ 1334 and 157 is inapposite here. For these sections to apply, plaintiff needed to explore his claims against defendants <u>first</u> in an adversary proceeding in Bankruptcy Court.[4] *See Markos Gurnee Partnership*, 182 B.R. at 220 ("Under these [28 U.S.C. §§ 1334(b) and 157] jurisdictional provisions, the different types of liability for bankruptcy trustees create different jurisdictional results.") The *Markos Gurnee Partnership* court further held:

> Official liability actions <u>must</u> be brought in the bankruptcy court presiding over the case unless that court grants leave for such an action to be heard in a different forum or unless the action involves the trustee's carrying on of business connected with property of the estate. ... Actions for breach of fiduciary duty <u>must</u> be brought in the bankruptcy court presiding over the case. ... This precise jurisdictional question appears not to have been discussed in cases applying Section 1334. However, it appears that in all of the reported decisions, the actions ... were in fact brought in and considered by bankruptcy courts.

*Id.* at 220, 223 (emphasis supplied). At minimum, plaintiff needed to obtain leave from the Bankruptcy Court in order to file his action here. This would have triggered an exacting analysis under 28 U.S.C. §§ 1334(b) and 157, with respect to this court's jurisdiction and scope of review. Because he failed to do so,

---

[4] This point also controls plaintiff's request for a jury trial in this court. (Plaintiff's Brief at 4.) Failure to pursue a jury trial in an adverse proceeding in Bankruptcy Court bars plaintiff from now seeking a jury trial in this court.

7

however, the court does not address whether plaintiff's claims meet the requirements of these statutory provisions.

## II. CONCLUSION

For all of the following reasons, this court concludes that plaintiff's remaining claims against all defendants are due to be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1). An appropriate order will be entered contemporaneously herewith.

DONE this the 30th day of August, 1999.

United States District Judge

8